UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

| | |
|---|---|
| NATALIE N. BLAND,<br>    *Plaintiff*,<br><br>    v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br>FIFTH THIRD BANK and<br>WELK RESORTS GROUP,<br>    *Defendants*. | )<br>)<br>)<br>) **Cause No. 1:17-CV-03142**<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT WITH JURY TRIAL DEMAND

### PRELIMINARY STATEMENT

1. This action is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable reinvestigations with respect to such information.

2. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 (West) *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources (called "furnishers") that provide credit information to credit reporting agencies.

**PARTIES**

3. Plaintiff, Natalie N. Bland (hereinafter "Bland"), is a natural person who resides in Avon, Indiana.

4. Bland is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C.A. § 1681a(c) (West).

5. Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a credit bureau that conducts business in Indiana.

6. Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and use interstate commerce to prepare and/or furnish the reports, and accordingly, are each considered a "consumer reporting agency" as that term is defined by 15 U.S.C.A. § 1681a(f).

7. Fifth Third Bank (hereafter "First Merchants") regularly and in the ordinary course of business furnished information to one or more consumer reporting agencies about Bland's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C.A. § 1681s-2 (West).

8. Welk Resorts Group (hereafter "Welk") regularly and in the ordinary course of business furnished information to one or more consumer reporting agency about Bland's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C.A. § 1681s-2 (West)

**JURISDICTION AND VENUE**

9. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 *et seq.*, jurisdiction of this Court arises under 28 U.S.C.A. § 1331 (West).

10. Venue is proper in this Court because a substantial part of the claim arose in Indiana, Bland resides in Indiana and all Defendants "reside" in Indiana, as that term is used in 28 U.S.C.A. § 1391 (West).

## FACTUAL ALLEGATIONS

11. On or about August 5, 2011, Bland filed a Chapter 13 bankruptcy proceeding in the Southern District of Indiana, under Cause No. 11-9934-JKC-13.

12. Welk was listed on her Schedule D, showing a claim in the amount of $2,700.00. A copy of the aforementioned Schedule D is attached hereto as "Exhibit A."

13. Fifth Third was also listed on the Schedule D, showing a claim in the amount of $178,000.00 secured by a first mortgage. *Id*.

14. Pursuant to Bland' approved Chapter 13 Plan, she was required to (and continues to) make all payments owed to Fifth Third directly to them. A copy of the Chapter 13 Plan is attached hereto as "Exhibit B."

15. Bland met all requirements of her Chapter 13 bankruptcy and as a result, she received a discharge of her debts by Order dated January 4, 2017. A copy of the aforementioned Order of Discharge is attached hereto as "Exhibit C."

16. Bland's obligation to Fifth Third was not discharged.

17. Bland continues to make timely payments on her obligation to Fifth Third.

18. Bland's obligation to Welk was discharged.

INACCURATE INFORMATION REPORTED BY EQUIFAX

19. Sometime in April of 2017, Bland obtained a copy of her consumer credit report as published by Equifax.

20. The report contained erroneous information as provided by Fifth Third Bank, published and reported by Equifax. Specifically, the Equifax credit report reflected that his debt to First Merchants, on which he continues to pay, was discharged or "Bankruptcy Completed" without any indication that he has and continues to make timely payments on the account. Nonetheless, the

tradeline reflects an "Amount Past Due" of varying amounts from June of 2015 to December of 2016.

21. Because the foregoing obligation continues to be paid upon in a timely manner, and fails to reflect any timely payments since December of 2016, the information described above was inaccurate and materially misleading.

22. The report also contained erroneous information as provided by Welk published and reported by Equifax. Specifically, the Equifax credit report failed to reflect that Bland's former obligation to Welk had been discharged on January 4, 2017.

23. In a letter dated April 24, 2017, Bland disputed the inaccurate and misleading information set forth above to Equifax and advised Equifax of the specific facts that rendered the reporting inaccurate and misleading.  A copy of the dispute letter is attached hereto as "Exhibit D."

24. Upon information and belief, Equifax timely notified Fifth Third of Bland's dispute in accordance with 15 U.S.C.A. § 1681i (West).

25. In response, within a document dated May 20, 2017, Equifax advised Bland that it had researched his dispute and the current status was being reported correctly.  However, Equifax provided a copy of the tradeline as reported that reproduced the errors identified by Bland in her original dispute letter and as set forth above. A copy of the Equifax reinvestigation report is attached as "Exhibit E."

26. Equifax was required to communicate the specifics of Bland's dispute to Fifth Third and Welk. Likewise, Fifth Third and Welk each had a duty to investigate the dispute and accurately report their findings to Equifax.

27. Equifax had an affirmative duty to reasonably reinvestigate the dispute submitted by Bland and to accurately report the tradeline information notwithstanding the information it received from Fifth Third or Welk.

INACCURATE INFORMATION AS IT PERTAINS TO ALL DEFENDANTS

28. Equifax, Fifth Third, and Welk are each responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared databases.

29. Equifax, Fifth Third, and Welk, independently and jointly, breached their duties as described above.

30. Due to their respective failure to conduct reasonable reinvestigations of Bland's dispute, the errors and misleading information set forth above, were not appropriately deleted or modified.

31. By inaccurately reporting debt information after receiving notice of its errors, Equifax, Experian, Welks, and Fifth Third failed to take appropriate measures as set forth in 15 U.S.C.A. § 1681s-(2)(b)(1)(D) and 1681s-(2)(b)(1)(E).

32. As a result of Defendants' willful actions and omissions, Bland is eligible for actual damages, statutory damages, punitive damages and reasonable attorney's fees.

**TRIAL BY JURY**

33. Bland is entitled to and hereby requests a trial by jury.

**CAUSES OF ACTION**

**COUNTS I & II: VIOLATION OF THE FCRA**
[15 U.S.C.A. § 1681e(b) and 1681i (West)]

34. Bland incorporates by reference all preceding paragraphs as though fully stated herein.

35. Equifax willfully and/or negligently violated 15 U.S.C.A. §1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Bland's consumer reports.

36. Equifax also willfully and/or negligently violated 15 U.S.C.A. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Bland's dispute and by failing to appropriately delete or modify inaccurate information in Bland's file.

37. As a result of Equifax's violation of 15 U.S.C.A. § 1681e(b) and 15 U.S.C.A. §1681i Bland has suffered actual damages and is therefore entitled to recover actual damages pursuant to 15 U.S.C.A. § 1681n and 1681o (West).

38. Equifax's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C.A § 1681o.

39. Bland is entitled to recover costs and attorney's fees from Equifax pursuant to 15 U.S.C.A. § 1681n and 1681o.

### COUNT III:   VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
[15 U.S.C.A. § 1681s-2(b)]

40. Bland incorporates by reference all preceding paragraphs as though fully stated herein.

41. Welk willfully and/or negligently violated 15 U.S.C.A. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Bland's dispute from one or more consumer reporting agencies, and/or by failing to review all relevant information provided by the consumer reporting agencies, and/or by failing to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the inaccurate information.

42. As a result of Welk's violations of 15 U.S.C.A. § 1681s-2(b), Bland has suffered actual damages and is therefore entitled to recover actual damages under 15 U.S.C.A. § 1681n and 1681o.

43. Welk's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

44. Bland is entitled to recover costs and attorney's fees from Welk pursuant to 15 U.S.C.A. § 1681n and 1681o.

### COUNT IV:   VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
[15 U.S.C.A. § 1681s-2(b)]

45. Bland incorporates by reference all preceding paragraphs as though fully stated herein.

46. Fifth Third willfully and/or negligently violated 15 U.S.C.A. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Bland's dispute from one or more consumer reporting agencies, and/or by failing to review all relevant information provided by the consumer reporting agencies, and/or by failing to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the inaccurate information.

47. As a result of Fifth Third's violations of 15 U.S.C.A. § 1681s-2(b), Bland has suffered actual damages and is therefore entitled to recover actual damages under 15 U.S.C.A. § 1681n and 1681o.

48. Fifth Third's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

49. Bland is entitled to recover costs and attorney's fees from Fifth Third pursuant to 15 U.S.C.A. § 1681n and 1681o.

**WHEREFORE**, Bland respectfully requests the following relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages pursuant to 15 U.S.C.A. § 1681n;

d. Reasonable attorney's fees and costs pursuant to 15 U.S.C.A. § 1681n and/or 1681o;

e. That an Order be issued for the Defendants to modify, delete or block the inaccurate information being reported; and

f. Such other and further relief as may be just and proper.

                Respectfully submitted,

                */s/ Travis W. Cohron*
                Travis W. Cohron, No. 29562-30
                **BARKER HANCOCK & COHRON**
                198 South Ninth Street
                Noblesville, IN 46060
                Telephone: (317) 219-4746
                tcohron@bhclegal.com
                *Attorney for Plaintiff*